

155 Seaport Blvd
Boston, MA 02210

617-832-1000 main
617-832-7000 fax

Andrew B. Loewenstein
617.832.3015
aloewens@foleyhoag.com

May 16, 2025

<u>Via ECF</u>

Hon. Jesse M. Furman
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Rona v. Trump*, No. 1:25-cv-03114 (JMF)

Dear Judge Furman:

      Plaintiffs Gabor Rona and Lisa Davis respectfully submit this response to Defendants' May 13, 2025 letter regarding consolidation pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure (ECF No. 57).

      Nothing in Defendants' letter calls into question the conservation of judicial resources and elimination of unnecessary delay that consolidation would achieve. Both Plaintiffs' motion for preliminary injunction and the relief they seek in a final judgment can be resolved purely on the law, namely whether Executive Order 14,203 is unconstitutional or otherwise unlawful. Moreover, the Court previously held that substantively identical language in Executive Order 13,928 likely violated the First Amendment and could survive neither strict nor intermediate scrutiny. *See Open Soc'y Justice Initiative v. Trump,* 510 F. Supp. 3d 198, 212-13 & n.7 (S.D.N.Y. 2021). Judicial economy thus strongly favors consolidation to reach a final judgment expeditiously. *See Citibank, N.A. v. Brigade Cap. Mgmt.*, LP, 49 F.4th 42, 57 n.9 (2d Cir. 2022) (noting consolidation "can vastly improve the efficiency and value of the judicial process"); *Cent. Rabbinical Cong. of U.S. & Canada v. New York City Dep't of Health & Mental Hygiene*, 763 F.3d 183, 198 (2d Cir. 2014) ("The district court may … consider the advisability, in the interests of judicial economy, of consolidating this hearing with the trial on the merits, pursuant to Rule 65(a)(2).").

      Consolidation is especially appropriate in view of the ongoing deprivation of Plaintiffs' right to free speech. *See Succow v. Bondi*, No. 3:25-cv-250 (SVN), 2025 U.S. Dist. LEXIS 85973, at *2 (D. Conn. May 6, 2025) (consolidation warranted for case involving "constitutional issue with a potentially wide impact").[1] That right is being chilled in order for Plaintiffs to avoid the civil and criminal penalties to which they are unconstitutionally subject

---

[1] In accordance with paragraph 4(D) of Your Honor's Individual Rules and Practices in Civil Cases, because this unreported case is not available on Westlaw, a copy is attached hereto.

Hon. Jesse M. Furman
Page 2

under the Executive Order. Plaintiffs are thus experiencing the very same irreparable injury that prompted the Honorable Judge Failla to order its prior injunctive relief. *See Open Soc'y*, 510 F. Supp. 3d at 216; *see also Agudath Isr. v. Cuomo*, 983 F.3d 620, 636 (2d Cir. 2020) ("The loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury.") (quoting *Roman Cath. Diocese v. Cuomo*, 520 U.S. 14, 19 (2020)).

Defendants' sole rationale for opposing consolidation at this juncture is the assertion that "OFAC anticipates issuing regulations implementing Executive Order 14,203 that may bear on this litigation." ECF No. 57 at 1. However, Defendants venture no explanation as to how any such regulations—should they ever be issued—could conceivably impact the Court's consideration of whether to consolidate under Fed. R. Civ. P. 65(a)(2).

Regardless, Defendants provide no timeline for when the regulations relating to Executive Order 14,203, issued over three months ago, can be expected beyond vaguely indicating they are "likely" to come some time in the "near term." *Id*. Defendants similarly suggested as much in the April 21, 2025 status conference, yet no regulations have been issued to date. Indeed, Defendants provide no assurances that regulations will *ever* be issued. In any event, should OFAC ultimately issue regulations, the Court may, if it deems appropriate, order supplemental briefing to allow the Parties to address any issues relevant to their claims and defenses.

For the foregoing reasons, Plaintiffs respectfully request that the Court exercise its discretion to consolidate under Fed. R. Civ. P. 65(a)(2).

Respectfully submitted,

/s/ Andrew B. Loewenstein
Andrew B. Loewenstein
*Counsel for Plaintiffs*

cc: Counsel for Defendants (via ECF)

For the reasons stated in Plaintiffs' letter, *see* ECF No. 58, the Court is inclined to consolidate the preliminary injunction motion with trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2). It has been more than one month since Defendants represented that related OFAC regulations "are likely to be issued in the near term," ECF No. 57, at 1 n.1, and more than four months since the Executive Order was issued, but no such regulations have been issued.

Any objection to consolidation on the merits shall be filed by **June 24, 2025**. If no objection is filed, the Court will grant the request for consolidation as unopposed and resolve the case on the merits. In the event that the Court proceeds in that manner and related OFAC regulations are issued prior to the Court's final resolution of the case on the merits, the parties could file supplemental submissions addressing the implications of the regulations.

SO ORDERED.

June 17, 2025